UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darlina Palermo,<br><br>Plaintiff,<br><br>v.<br><br>Hawaii Dental Company,<br><br>Defendant. | Case: 1:15-cv-01674<br>Assigned To : Unassigned<br>Assign. Date : 10/14/2015<br>Description: Pro Se Gen. Civil (F Deck) |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed for want of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Colts Neck, New Jersey, suing a "dental company" in Honolulu, Hawaii. Plaintiff purports to bring an invasion of privacy claim. She alleges that she has tracking devices in her teeth, and she seeks "a court notorization [sic] to [her] dentist to have them removed." Compl. at 2. Plaintiff has not implicated the named defendant in any

wrongdoing and indeed states that her "goal" is to have the tracking devices removed and to "find out who put them in." *Id.* Plaintiff states that "one was [inserted] at a dental office then another was put in at another time so I have reasons to believe I was abducted unknowns to me, more than one time." *Id.* In addition, plaintiff "feel[s]" that she was raped on several occasions "possibly unconsciously." *Id.*

The complaint presents neither a federal question nor a basis for exercising diversity jurisdiction. Plaintiff's allegations of rape are the province of the appropriate prosecuting official with authority to pursue charges in a criminal court. The allegations of tracking devices in the teeth are "patently insubstantial, presenting no federal question suitable for decision," *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), and they present the type of claim that may be dismissed also as frivolous. *See Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence this civil action will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: October 6th, 2015

United States District Judge